# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:10-CR-21 |
| | ) | |
| TERRY L. SABO | ) | |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

This matter is before the Court on the referral of United States District Court Judge William C. Lee to conduct a hearing pursuant to 18 U.S.C. § 4241 to determine whether the Defendant Terry L. Sabo is competent to stand trial. For the following reasons, it is my Report and Recommendation that the Defendant is competent to stand trial.

### II. FACTUAL AND PROCEDURAL HISTORY

The Defendant is charged by way of a three-count Superceding Indictment with possession with intent to distribute less than 50 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Docket # 21.) Early in this case, a question arose as to the Defendant's competency to stand trial, prompting the government to file a motion for a competency determination. (Docket # 12.) The Court granted the motion and directed that the Defendant be evaluated by Dr. Stephen Ross, Psy.D. (Docket ## 14, 15.)

Subsequently, Dr. Ross prepared a report that was distributed to counsel for the Government and the Defendant, indicating that he believed the Defendant was competent to stand trial. (Docket # 18) (under seal). Counsel for the Defendant then requested a second competency

hearing, which the Government did not oppose. Accordingly, the Defendant was transported to the Bureau of Prisons' Metropolitan Correctional Center in Chicago, Illinois, where he was observed, tested, and evaluated for approximately two months. A forensic report authored by Dr. Christine Scronce (the "MCC Report") found the Defendant competent to stand trial. (*See* Docket # 27) (under seal).

On September 22, 2010, a competency hearing was held before this Court. Dr. Ross's Report and the MCC Report were admitted into evidence and the Government offered no argument beyond the reports' conclusion that the Defendant is competent to stand trial. The Court granted the Defendant's request that the hearing be continued to allow him to obtain additional evidence from the MCC and reset the hearing to October 12, 2010. (Docket # 32.) The Defendant later made a second request for a continuance to obtain additional records and the hearing was reset to October 18, 2010. (Docket # 36.) During the October 18, 2010, hearing, the Defendant presented no evidence and made no argument to rebut the finding that he is competent to stand trial. (Docket # 37.)

### III. DISCUSSION

The Defendant is competent to stand trial if he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and . . . a rational as well as factual understanding of the proceedings against him." *Eddmonds v. Peters*, 93 F.3d 1307, 1314 (7th Cir. 1996) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). *See also* 18 U.S.C. § 4241; *Galowski v. Berge*, 78 F.3d 1176, 1180-81 (7th Cir. 1996).

Under 18 U.S.C. § 4241(d), the Court must find "by a preponderance of the evidence" that the Defendant is not competent to stand trial. The Government bears the burden of proving that the Defendant is mentally competent to stand trial. *United States v. Teague*, 956 F.2d 1427, 1432

n.10 (7th Cir. 1992) (citing *United States, ex rel. S.E.C. v. Billingsley*, 766 F.2d 1015, 1023-24 (7th Cir. 1985); *United States v. DiGilio*, 538 F.2d 972, 988 (3rd Cir. 1976), *cert. denied*, 429 U.S. 1038 (1977)).

Based on the foregoing standards, the Court finds that by a preponderance of the evidence, the Defendant is presently competent to stand trial. The reports of both Dr. Ross and Dr. Scronce found that the Defendant is not currently suffering from any genuine cognitive deficit that would prevent him from participating in the legal process and assisting in his own defense and concluded that he is competent to stand trial. The Defendant did not offer any evidence or argument to rebut this conclusion. Accordingly, the Court finds that, based upon the undisputed and well-founded conclusions of Dr. Ross and Dr. Scronce, the Defendant is mentally competent to stand trial.

## IV. CONCLUSION

For the foregoing reasons, it is my Report and Recommendation that Terry L. Sabo be found currently competent to stand trial.

NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Id.*; *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

SO ORDERED.

Enter for October 18, 2010.

    /S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge